# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 30 2018, 9:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Rufus Wehgar, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | August 30, 2018 <br><br> Court of Appeals Case No. 18A-CR-154 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable David J. Certo, Judge <br><br> Trial Court Cause Nos. 49G12-1507-CM-25564 49G12-1605-CM-17576 |

**Crone, Judge.**

# Case Summary

Rufus Wehgar appeals his convictions, following a bench trial, for two counts of class A misdemeanor theft. He contends that the State presented insufficient evidence to support his convictions. Finding the evidence sufficient, we affirm.

# Facts and Procedural History

On July 20, 2015, Wehgar wheeled his bicycle into a Walmart store in Indianapolis. He went to the rear of the store where new bicycles are located and bent down as if trying to repair his bicycle's tires. He then left his bicycle and proceeded to other areas of the store and selected merchandise. He returned to his bicycle with a backpack and other new merchandise. He summoned a Walmart employee, who removed a new bicycle from the bicycle rack. Wehgar later put his own bicycle on the rack and removed the tags from the new bicycle. He walked with the new bicycle, the backpack, and the other new merchandise to the front of the store, past all points of sale, and through the store's doors. Outside the doors, he was confronted by two Walmart loss-prevention associates who escorted him to the store's office. Wehgar provided identification that belonged to his brother, and then tried to leave the office but was prevented from doing so by the loss-prevention associates. Wehgar signed a do-not-return notice stating that he was prohibited from returning to the property. A police officer was summoned to the store and arrested Wehgar. The State subsequently charged Wehgar with one count of class A misdemeanor theft.

[3] On May 9, 2016, Wehgar returned to the same Walmart store. He selected merchandise including wireless speakers, earphones, and bicycle accessories. He removed the manufacturer's packaging from several of the items, and then placed the items in a backpack that he had brought into the store. He went to another department of the store, selected additional items, and proceeded to the front of the store to a cash register. He paid for the newly selected items but did not pay for the items that were concealed in the backpack. After he walked past all final points of sale without paying for the concealed items, Wehgar was confronted by loss-prevention associates, taken to the office, and subsequently arrested. The State charged Wehgar with one count of class A misdemeanor theft and one count of class A misdemeanor trespass.

[4] Following a consolidated bench trial, the court found Wehgar guilty as charged.[1] The trial court imposed a suspended one-year sentence and ordered Wehgar not to return to any Walmart in Marion County during that year. This appeal ensued.

## Discussion and Decision

[5] Wehgar contends that the State presented insufficient evidence to support his convictions for class A misdemeanor theft. When reviewing a claim of insufficient evidence, we neither reweigh the evidence nor assess witness credibility. *Bell v. State*, 31 N.E.3d 495, 499 (Ind. 2015). We look to the

---

[1] Wehgar does not appeal his trespass conviction.

evidence and reasonable inferences drawn therefrom that support the convictions, and will affirm if there is probative evidence from which a reasonable factfinder could have found the defendant guilty beyond a reasonable doubt. *Id.* In short, if the testimony believed by the trier of fact is enough to support the convictions, then the reviewing court will not disturb it. *Id.* at 500.

[6] To convict Wehgar of class A misdemeanor theft, the State was required to prove that he knowingly or intentionally exerted unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use. Ind. Code § 35-43-4-2(a). Regarding the first count of theft, the State presented the testimony of a Walmart asset protection associate who stated that she observed surveillance video of Wehgar entering the store with his own bicycle. He subsequently removed a new bicycle from the rack, put his bicycle on the rack, removed the tags from the new bicycle, and walked past all points of sale and out the store's doors without paying for the new bicycle or other new merchandise that was in his possession.

[7] Regarding the second count of theft, the State presented testimony from the same Walmart asset protection associate who stated that Wehgar returned to the store on a subsequent date, and she observed him selecting several items of merchandise including wireless speakers, earphones, and bicycle accessories. He removed the manufacturer's packaging from several items and concealed the items in a large backpack that he had brought with him. He walked to the front of the store to a cashier, paid for other merchandise, but did not pay for

any of the merchandise that was concealed in the backpack. He then walked past all points of sale without any attempt to pay for the items in the backpack.

[8] As for both counts, Wehgar simply directs us to his self-serving testimony in which he claimed that he did not intentionally exert unauthorized control over the bicycle (claiming that he was just taking it to the front of the store to test it out based upon the advice of an employee) or the other merchandise (claiming that he had planned to steal the items but had a change of heart before he was caught). However, it is well settled that a defendant's intent may be based solely on circumstantial evidence, *Purvis v. State*, 87 N.E.3d 1119, 1124 (Ind. Ct. App. 2017), and may be inferred from his conduct and the natural and usual sequence to which such conduct logically and reasonably points. *Long v. State*, 867 N.E.2d 606, 614 (Ind. Ct. App. 2007). On each occasion, Wehgar removed tags and packaging and passed all points of sale without paying for merchandise. Based on the evidence presented, the trier of fact could reasonably infer that Wehgar knowingly or intentionally exerted unauthorized control over Walmart's property with the intent to deprive Walmart of its value or use. We decline Wehgar's invitation to reweigh the evidence or reassess witness credibility, and we affirm his convictions.

[9] Affirmed.


Najam, J., and Pyle, J., concur.